Louis Weinberg Associates, Inc., Appellant, v. Nathaniel Kramer, Respondent.

First Department, December 11, 1942.

*William P. Thomas* of counsel (*Norman Adams,* attorney), for appellant.

*Albert N. Proujansky* of counsel (*Bernard G. Nemeroff,* attorney), for respondent.

GLENNON, J. Plaintiff sought to recover damages resulting from the failure of the defendant to file a chattel mortgage in the sum of $4,000, in which he was named as mortgagee, upon certain fixtures and machinery owned by A. T. Lotocki Corp. The record indicates conclusively that the defendant prepared the mortgage and agreed to file it in order to protect plaintiff and two other creditors of Lotocki against loss should they extend credit to the firm in the event the latter failed to pay.

At the time the mortgage was given, there was a prior chattel mortgage covering the same property, although there was a recital in the defendant's mortgage that there was no other incumbrance.

The defendant was engaged by Lotocki Corp., as an accountant and, among other things, countersigned all checks issued by it. Upon the faith of the existence of defendant's mortgage and his promise to file it, plaintiff extended credit to Lotocki Corp. The latter made an assignment for the benefit of creditors in March, 1936, and later was adjudicated a bankrupt.

Plaintiff's witness testified that he discussed with defendant the bankruptcy proceedings and asked what should be done. He testified that the defendant told him he had nothing to worry about and that there was sufficient in the mortgage to pay plaintiff's debt together with the debts owing to the other two creditors. At the time of the bankruptcy, there was due and owing to plaintiff from the debtor the sum of $1,146.72.

Defendant did not file the chattel mortgage until shortly before Lotocki Corp. was adjudicated a bankrupt. Because of the failure to file on time, the defendant consented to the entry of an order before the referee in bankruptcy in the United States District Court for the Southern District of New York, "wherein and whereby the aforesaid chattel mortgage was declared and rendered void and the claim of the defendant, Nathaniel Kramer, on said chattel mortgage was expunged." Incidentally, the appraised value of the chattels which the $4,000 chattel mortgage covered was over $20,000.

The defendant's failure to carry out his agreement to file the chattel mortgage within a reasonable time after it was executed resulted in placing the plaintiff in a position where it could not collect the amount actually due. It thus appears that plaintiff's damage was directly caused by two acts of the defendant: *First,* failure to file the chattel mortgage; *second,* the assurances given by the defendant at the time of the bankruptcy, that the mortgage was valid and there was no need to take part in the bankruptcy proceedings to mitigate the loss.

We are of the opinion, under the circumstances, that defendant should be charged with the loss suffered by the plaintiff not only because of defendant's failure to carry out the terms of his agreement to file the chattel mortgage within a reasonable time after it was delivered to him, but also, in addition thereto, because of the false and fraudulent statements he made with reference to his intention to file it.

For the reasons assigned, the judgment should be reversed with costs, and judgment directed to be entered in favor of plaintiff for the amount demanded in the complaint, with costs.

TOWNLEY, COHN and CALLAHAN, JJ., concur; MARTIN, P. J., dissents and votes to affirm.

Judgment reversed with costs, and judgment directed to be entered in favor of the plaintiff for the amount demanded in the complaint, with costs.